UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANDY STONE | * | CIVIL ACTION |
| | * | |
| | * | NO. |
| VERSUS | * | |
| | * | SECTION |
| MARIAH CAREY, WALTER | * | |
| AFANASIEFF, SONY MUSIC | * | MAGISTRATE |
| ENTERTAINMENT, AND SONY | * | |
| CORPORATION OF AMERICA | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

COMPLAINT FOR COPYRIGHT INFRINGEMENT,
UNJUST ENRICHMENT, MISAPPRORIATION AND LANHAM ACT VIOLATION

Plaintiff, Andy Stone, a.k.a Vince Vance, through his undersigned attorneys, allege against defendants as follows:

THE PARTIES

1.

Andy Stone, a.k.a. Vince Vance ("Vance"), Plaintiff, is an individual of the full age of majority and resident of the State of Mississippi, United States of America.

2.

Mariah Carey ("Carey"), Defendant, is a person of the full age of majority and resident of the State of New York, United States of America.

3.

Walter Afanasieff ("Afanasieff"), Defendant, is a person of the full age of majority. Upon information and belief, he is a resident of the State of California, United States of America.

4.

Sony Music Entertainment, a subsidiary of Sony Corporation of America; the North American Division of Sony ("Sony), Defendant, is a Delaware Corporation authorized to do and doing business in the State of Louisiana.

JURISDICTION AND VENUE

5.

Jurisdiction of this Court is based upon 28 U.S.C. Sections 1331, 1337, and 1338, and 15 U.S.C. Section 1121.

6.

Venue is proper under 28 U.S.C. Sections 1391(b) and 1400(a).

7.

This Court has pendent jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. Section 1367.

FACTS AND ALLEGATIONS

8.

Plaintiff, Vance is a self-employed artist in the business of performing, selling and licensing his copyrighted music and earns his livelihood from fees received from these activities.

9.

In 1989, Plaintiff co-wrote "All I Want for Christmas is You" and recorded it at the Masterphonics Studio 6 in Nashville, Tennessee. It was subsequently released on the record label Valient 92689 with an accompanying music video.

10.

After receiving extensive airplay during the 1993 Christmas season, Plaintiff's "All I Want

for Christmas is You" began making appearances on the Billboard Music Charts.

11.

"All I Want for Christmas is You", is copyrightable subject matter under the laws of the United States, and Plaintiff applied for and received from the Registrar of Copyrights certificates of serial number therefore.

| TITLE | REGISTRATION NO: |
|---|---|
| ALL I WANT FOR CHRISTMAS IS YOU | Pau 1-163-343 |

A copy of the serial registration is attached as Exhibit "A".

12.

Defendant Carey's album "Merry Christmas" was released by Columbia Records, owned by Defendant Sony, on or about October 28, 1994.

13.

Made a part of the "Merry Christmas" album, Defendant Carey released a version of the song "All I Want for Christmas is You", allegedly co-written with Defendant Afanasieff, along with accompanying music videos.

14.

Defendants never sought or obtained permission from Plaintiff to use "All I Want for Christmas is You" in creating, reproducing, recording, distributing, selling, or publicly performing said song.

15.

Plaintiff never gave Defendants permission, consent, or a license to use "All I Want for Christmas is You" for any purpose, including the creation of a derivative work based on "All I Want

for Christmas is You".

16.

Upon information and belief, Defendants, have in the past and are presently continuing to reproduce, and distribute to the general public worldwide via the internet and interstate commerce, copies of Plaintiff's work, "All I Want for Christmas is You".

17.

Upon information and belief, as more fully set forth below, Defendants, have knowingly, willfully, and intentionally engaged in a campaign to infringe Plaintiff's copyright in the work "All I Want for Christmas is You" and to commit acts of unjust enrichment by the unauthorized appropriation of Plaintiff's work and the goodwill associated therewith, all which are proprietary to Plaintiff as set forth herein, to the commercial gain, personal profit and unjust enrichment of the defendants and the irreparable injury and financial loss of Plaintiff.

## COUNT 1 - COPYRIGHT INFRINGEMENT

18.

Plaintiff's cause of action for copyright infringement arises under the Act of October 19, 1976, Pub.L. No. 94-553, Sec. 101; 90 Stat. 2541-98; 17 U.S.C. Sections 101-810 (1982), Section 106 (1)-(3) and (5), 501 *et seq*.

19.

At all relevant times, Plaintiff was and continues to be the co-owner and proprietor of the rights, title and interest in and to the copyright the work "All I Want for Christmas is You".

20.

Upon information and belief, Defendants knew or should have known of Plaintiff's copyright in the work "All I Want for Christmas is You".

21.

Plaintiff is the owner of copyright in the work "All I Want for Christmas is You" and of the exclusive rights to, inter alia, reproduce the copyrighted work, prepare derivative works based in whole or in part upon the copyright works, and distribute the copyrighted works by sale, license or otherwise, 17 U.S.C. Sections 106, *et seq.*

22.

Plaintiff became aware of Defendants use of his work "All I Want for Christmas is You", without license, right or authority, and by reproducing and distributing to the worldwide general public via the internet and interstate commerce. Plaintiff's counsel initially made contact with Defendants in April of 2021 to regarding the unauthorized use of the song. Thereafter, Plaintiff's counsel sent a letter via certified mail on or about December 20, 2021, regarding the unauthorized use of "All I Want for Christmas is You", thereby putting them on notice that the creation a derivative work, without authorization and payment to Plaintiff represents a violation of Plaintiff's rights under 17 U.S.C. Sections 106, *et seq.*

23.

Defendants' actions have deprived Plaintiff of just compensation in association with the use of the work "All I Want for Christmas is you", thereby causing Plaintiff financial and professional damage, and if allowed to continue, will cause further injury to the Plaintiff.

24.

Even after communicating the concerns with Defendants, Plaintiff was unable to come to any agreement over usage of the "All I Want for Christmas is You". Subsequently, Plaintiff personally requested that Defendants cease and desist from further distribution of Plaintiff's work. Despite Plaintiff's request, Defendants continue to exploit Plaintiff's work "All I Want for Christmas is

You", reaping tremendous financial awards and other pecuniary benefits to the detriment of Plaintiff.

25.

Thereafter, on April 5, 2022, Plaintiff purchased the "Merry Christmas" album incorporating the song "All I Want for Christmas is You" from Louisiana Music Factory, located at 421 Frenchmen St., Ste. 100 New Orleans, LA 70116. In fact, Defendants' "Merry Christmas" album, incorporating the song "All I Want for Christmas is You", remains available for purchase at retail outlets throughout Louisiana, including Louisiana Music Factory, and Wal-Mart, in addition to online marketplaces including Amazon.com.

26.

Upon information and belief, such unlawful activities by the Defendants constitute willful infringements of Plaintiff's copyright, and upon information and belief, were committed in disregard of Plaintiff's rights.

COUNT II - STATE LAW CLAIMS

UNJUST ENRICHMENT AND MISAPPROPRIATION

27.

Plaintiff repeats and realleges the allegations of Paragraphs 1 through 26.

28.

The actions of Defendants as more fully set forth above in Paragraphs 1 through 26, contribute to falsely representing and marketing Plaintiff's work "All I Want for Christmas is You" as their own, constituting a misappropriation of the work, all to the commercial gain of Defendants.

29.

Specifically, the false representation of professional collaboration and association, the failure to give notice to the public that Plaintiff is the owner of the work and, that Plaintiff does not endorse

the Defendants' endeavors, and other acts more fully described above. These actions have resulted in confusing the public in addition to resulting in a substantial loss of income to plaintiff and the unjust enrichment of defendants.

## COUNT III- LANHAM ACT VIOLATION

Plaintiff repeats and realleges the allegations of Paragraphs 1-29.

30.

Plaintiff's claim arises under the Lanham Act of July 5, 1946, 15 U. S. C. sections 1051-1127, particularly Section 43(a) of the Lanham Act, 15 U.S.C Section 1125(a).

31.

Defendants, have in the past and continue to use in connection with their commercial services and merchantable goods Plaintiff's work in interstate commerce, contributing to the false and misleading representation of that has resulted in financial loss to Plaintiff.

32.

Upon information and belief, Defendants' acts were designed to exploit the popularity and unique style of Plaintiff, causing confusion as to the association of Defendants and Plaintiff, endorsement, sponsorship, and approval of Plaintiff's work. Defendants' unauthorized use of the "All I Want for Christmas is You" in association with their exploitation of the derivative work acts to capitalize on the goodwill and unique talent of Plaintiff in an effort to obtain commercial advantage.

33.

Upon information and belief, Defendants committed the actions referenced in the above two paragraphs willfully and in absolute disregard of Plaintiff's rights.

34.

Upon information and belief, Defendants have reaped undeserved profits from these activities.

35.

Defendants' aforesaid unlawful acts have damaged and continue to damage Plaintiff.

WHEREFORE, Plaintiff, demands judgment, jointly and severally against the Defendants as follows:

1. An award to Plaintiff of the profits, gains and advantages derived by the Defendants as a result of willful copyright infringement, in addition to punitive damages and compensation for the damages sustained in an amount not less than $20,000,000.00;

2. An award to Plaintiff of the profits, gains, and advantages derived by the Defendants and/or damages in an amount not less than $20,000,000.00 sustained by Plaintiff as a result of the acts of the Lanham Act, unjust enrichment, and misappropriation recited above;

3. An award to Plaintiff of damages in an amount not less than $20,000,000.00 sustained by Plaintiff as a result of Defendants acts of misappropriation and unjust enrichment.

4. That Defendants pay to plaintiff all costs of this action and reasonable attorney's fees to be allowed to the Plaintiff by the Court;

5. That Plaintiff have such other and further relief as is just and proper.

                                      Respectfully submitted,

/s/ Douglas M. Schmidt
Douglas M. Schmidt (Bar No. 11789)
335 City Park Ave.
New Orleans, LA 70117
Telephone: (504) 482-5711
Email:  boris1s2002@yahoo.com
Withhold Service

/s/ Andrew C. Abrams

                                                Andrew C. Abrams (Bar No. 32280)
935 Gravier St., Ste. 900
New Orleans, LA 70118
Telephone: (504) 799-4200
Email: aca@obryonlaw.com
Withhold Service

**Withhold Service:**

**Walter Afanasieff**
**c/o Isina Academy**
**637 S. Fairfax Ave., Apt. 102**
**Los Angeles, CA 90036**

**Sony Corporation**
**SCA Legal Department**
**25 Madison Ave., Fl. 26**
**New York, NY 10010**

**Stuart Prager**
**152 West 57th Street,**
**New York, NY 10019**