UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | CIVIL ACTION |
| ANDY STONE | * | |
| | * | NO. 22-1616-WBV-DMD |
| VERSUS | * | |
| | * | SECTION: "D" (3) |
| MARIAH CAREY, WALTER | * | |
| AFANASIEFF, SONY MUSIC | * | |
| ENTERTAINMENT, AND SONY | * | |
| CORPORATION OF AMERICA | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

---

## AMENDED AND SUPPLEMENTAL COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNJUST ENRICHMENT, MISAPPRORIATION AND LANHAM ACT VIOLATION

---

NOW INTO COURT, through undersigned counsel, comes Plaintiff Andy Stone, a.k.a Vince Vance, who respectfully files this Amended and Supplemental Complaint, pursuant to Federal Rule of Civil Procedure 15(a)(1)(b). Plaintiff, Andy Stone, a.k.a Vince Vance, through his undersigned counsel, allege against Defendants as follows:

THE PARTIES

1.

Andy Stone, a.k.a. Vince Vance ("Vance"), Plaintiff, is an individual of the full age of majority and resident of the State of Mississippi, United States of America.

2.

Mariah Carey ("Carey"), Defendant, is a person of the full age of majority and resident of the State of New York, United States of America.

3.

Walter Afanasieff ("Afanasieff"), Defendant, is a person of the full age of majority. Upon information and belief, he is a resident of the State of California, United States of America.

4.

Sony Music Entertainment, a subsidiary of Sony Corporation of America; the North American Division of Sony ("Sony), Defendant, is a Delaware Corporation authorized to do and doing business in the State of Louisiana.

JURISDICTION AND VENUE

5.

Jurisdiction of this Court is based upon 28 U.S.C. Sections 1331, 1337, and 1338, and 15 U.S.C. Section 1121.

6.

Venue is proper under 28 U.S.C. Sections 1391(b) and 1400(a).

7.

This Court has pendent jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. Section 1367.

FACTS AND ALLEGATIONS

8.

Plaintiff, Vance is a self-employed artist in the business of performing, selling and licensing his copyrighted music and earns his livelihood from fees received from these activities.

9.

In 1989, Plaintiff co-wrote "All I Want for Christmas is You" and recorded it at the Masterphonics Studio 6 in Nashville, Tennessee. It was subsequently released on the record label Valiant 92689 with an accompanying music video.

10.

After receiving extensive airplay during the 1993 Christmas season, Plaintiff's "All I Want for Christmas is You" began making appearances on the Billboard Music Charts.

11.

"All I Want for Christmas is You", is copyrightable subject matter under the laws of the United States, and Plaintiff applied for and received from the Registrar of Copyrights certificates of serial number, therefore.

<u>TITLE</u>                                                      <u>REGISTRATION NO:</u>

ALL I WANT FOR CHRISTMAS IS YOU                    Pau 1-163-343

A copy of the serial registration is attached as Exhibit "A".

12.

Defendant Carey's album "Merry Christmas" was released by Columbia Records, owned by Defendant Sony, on or about October 28, 1994.

13.

Made a part of the "Merry Christmas" album, Defendant Carey released a derivative version of the song "All I Want for Christmas is You", allegedly co-written with Defendant Afanasieff, along with accompanying music videos.

13(a)

The song allegedly co-written by Defendants Carey and Afanasieff, reflects a derivative version of Vance's "All I Want for Christmas is You" in terms of the lyrics, melody, harmonic language, rhythm, and meter.

13(b)

**Lyrics**

There are substantial similarities in the lyrics associated with the two songs wherein upwards of 50% of Vance's lyrics are copied or modified in Defendants version. Further, the songs tell the same story, incorporating the same arc from beginning to end, of an individual who wants their partner more than material goods or seasonal comforts.

1)      Vance writes a letter to Santa Claus saying, "I don't need…sleigh rides in the snow, that "Santa can't bring me what I need," that "one thing," an unnamed "you," standing "underneath the Christmas tree," her "dream come true."

2)      Defendants simply invert Vance's phrases, reciting "I don't need" or I don't want" … "snow" or any presents "underneath the Christmas tree," but for Santa to "bring me the one I really need," again that "one thing" an unnamed "you," to make her "wish come true."

13(c)

**Primary Melody or "Hook"**

"All I want for Christmas is you" is what is considered the hook, or most memorable part, of both songs. In both songs, the hook is the concluding phrase of the chorus or "refrain". The use of the hook in both songs not only refers to the words, but also the melody. The use of technical language is required: The hook is a short melodic fragment. The fragment has the same "contour" or direction or movement. The last three notes of the fragment are identical ("-mas is you" = A->B->G). The words/notes land on almost the same downbeats ("All" = downbeat 1, "Want" = downbeat 2, etc.). Finally, the chord progression that supports the melody is exactly the same.

13(d)

**Overall Melody and Phrasing**

Analyzing the melody of each song, the overall contour of the same is substantially similar. In both songs, the notes of the singer's melody ascend and descend in identically. While Defendants is more disjunct and includes more melisma, that is characteristic of Carey's R&B style, which is vocally different from Vance's country style. However, these differences are more of a matter of performance than composition.

### 13(e)

Further, the overall period of the melodic phrasing is comparable. Specifically, both songs use an antecedent-consequent phrase structure, where the initial phrase (a) ascends melodically, and the response phrase (b) then descends. (e.g., the beginning of each verse: (a) "If I wrote a letter to Santa Claus," (b) "I would ask for just one thing" is comparable to (a) "I don't want a lot for Christmas," (b) There is just one thing I need.")

### 13(f)

**Harmonic Language**

Defendants' song also shares the chord progression of Vance's. This includes the identical "ii-V-I" progression over the title phrase as noted above in addition to many other substantially similar chords and "chord substitutions".

### 13(g)

Overall, the harmonic language is shared. In addition to the common "I-IV-V" progression, there is also the use of "vi" and minor subdominant "if" chords with an added sixth in both songs. (e.g., under key words like "tinsel" in the Vance song and when Carey sings her "underneath the Christmas tree" line).

### 13(h)

**Rhythm, Meter, and Tempo**

Several aspects of the rhythm and meter are also substantially similar albeit masked by differenced in tempo. The meter of each song in a tempo of 12/8, incorporates an eighth-note pulse provided by piano. Further, each song uses a shuffle rhythm that provide rhythmic contrast between the 12/8 pulse and quarter-note pulse in the rhythm instruments. Finally, there is a characteristic arpeggio used in both songs (played on guitar in Vance's version and substituted with a toy piano in Defendants.

14.

Defendants never sought or obtained permission from Plaintiff to use "All I Want for Christmas is You" in creating, reproducing, recording, distributing, selling, or publicly performing said song.

15.

Plaintiff never gave Defendants permission, consent, or a license to use "All I Want for Christmas is You" for any purpose, including the creation of a derivative work based on "All I Want for Christmas is You".

16.

Upon information and belief, Defendants, have in the past and are presently continuing to reproduce, and distribute to the general public worldwide via the internet and interstate commerce, copies of Plaintiff's work, "All I Want for Christmas is You".

17.

Upon information and belief, as more fully set forth below, Defendants, have knowingly, willfully, and intentionally engaged in a campaign to infringe Plaintiff's copyright in the work "All I Want for Christmas is You" and to commit acts of unjust enrichment by the unauthorized appropriation of Plaintiff's work and the goodwill associated therewith, all which are proprietary to

Plaintiff as set forth herein, to the commercial gain, personal profit and unjust enrichment of the defendants and the irreparable injury and financial loss of Plaintiff.

COUNT 1 - COPYRIGHT INFRINGEMENT

18.

Plaintiff's cause of action for copyright infringement arises under the Act of October 19, 1976, Pub.L. No. 94-553, Sec. 101; 90 Stat. 2541-98; 17 U.S.C. Sections 101-810 (1982), Section 106 (1)-(3) and (5), 501 *et seq.*

19.

At all relevant times, Plaintiff was and continues to be the co-owner and proprietor of the rights, title and interest in and to the copyright the work "All I Want for Christmas is You".

20.

Upon information and belief, Defendants knew or should have known of Plaintiff's copyright in the work "All I Want for Christmas is You".

21.

Plaintiff is the owner of copyright in the work "All I Want for Christmas is You" and of the exclusive rights to, inter alia, reproduce the copyrighted work, prepare derivative works based in whole or in part upon the copyright works, and distribute the copyrighted works by sale, license or otherwise, 17 U.S.C. Sections 106, *et seq.*

22.

Plaintiff became aware of Defendants use of his work "All I Want for Christmas is You", without license, right or authority, and by reproducing and distributing to the worldwide general public via the internet and interstate commerce. Plaintiff's counsel initially made contact with Defendants in April of 2021 to regarding the unauthorized use of the song. Thereafter, Plaintiff's

counsel sent a letter via certified mail on or about December 20, 2021, regarding the unauthorized use of "All I Want for Christmas is You", thereby putting them on notice that the creation a derivative work, without authorization and payment to Plaintiff represents a violation of Plaintiff's rights under 17 U.S.C. Sections 106, *et seq.*

23.

Defendants' actions have deprived Plaintiff of just compensation in association with the use of the work "All I Want for Christmas is you", thereby causing Plaintiff financial and professional damage, and if allowed to continue, will cause further injury to the Plaintiff.

24.

Even after communicating the concerns with Defendants, Plaintiff was unable to come to any agreement over usage of the "All I Want for Christmas is You". Subsequently, Plaintiff personally requested that Defendants cease and desist from further distribution of Plaintiff's work. Despite Plaintiff's request, Defendants continue to exploit Plaintiff's work "All I Want for Christmas is You", reaping tremendous financial awards and other pecuniary benefits to the detriment of Plaintiff.

25.

Thereafter, on April 5, 2022, Plaintiff purchased the "Merry Christmas" album incorporating the song "All I Want for Christmas is You" from Louisiana Music Factory, located at 421 Frenchmen St., Ste. 100 New Orleans, LA 70116. In fact, Defendants' "Merry Christmas" album, incorporating the song "All I Want for Christmas is You", remains available for purchase at retail outlets throughout Louisiana, including Louisiana Music Factory, and Wal-Mart, in addition to online marketplaces including Amazon.com.

26.

Upon information and belief, such unlawful activities by the Defendants constitute willful

infringements of Plaintiff's copyright, and upon information and belief, were committed in disregard of Plaintiff's rights.

## COUNT II - STATE LAW CLAIMS

## UNJUST ENRICHMENT AND MISAPPROPRIATION

27.

Plaintiff repeats and realleges the allegations of Paragraphs 1 through 26.

28.

The actions of Defendants as more fully set forth above in Paragraphs 1 through 26, contribute to falsely representing and marketing Plaintiff's work "All I Want for Christmas is You" as their own, constituting a misappropriation of the work, all to the commercial gain of Defendants.

29.

Specifically, the false representation of professional collaboration and association, the failure to give notice to the public that Plaintiff is the owner of the work and, that Plaintiff does not endorse the Defendants' endeavors, and other acts more fully described above.  These actions have resulted in confusing the public in addition to resulting in a substantial loss of income to plaintiff and the unjust enrichment of defendants.

## COUNT III- LANHAM ACT VIOLATION

Plaintiff repeats and realleges the allegations of Paragraphs 1-29.

30.

Plaintiff's claim arises under the Lanham Act of July 5, 1946, 15 U. S. C. sections 1051-1127, particularly Section 43(a) of the Lanham Act, 15 U.S.C Section 1125(a).

31.

Defendants, have in the past and continue to use in connection with their commercial services

and merchantable goods Plaintiff's work in interstate commerce, contributing to the false and misleading representation of that has resulted in financial loss to Plaintiff.

32.

Upon information and belief, Defendants' acts were designed to exploit the popularity and unique style of Plaintiff, causing confusion as to the association of Defendants and Plaintiff, endorsement, sponsorship, and approval of Plaintiff's work.  Defendants' unauthorized use of the "All I Want for Christmas is You" in association with their exploitation of the derivative work acts to capitalize on the goodwill and unique talent of Plaintiff in an effort to obtain commercial advantage.

33.

Upon information and belief, Defendants committed the actions referenced in the above two paragraphs willfully and in absolute disregard of Plaintiff's rights.

34.

Upon information and belief, Defendants have reaped undeserved profits from these activities.

35.

Defendants' aforesaid unlawful acts have damaged and continue to damage Plaintiff.

WHEREFORE, Plaintiff, demands judgment, jointly and severally against the Defendants as follows:

1. An award to Plaintiff of the profits, gains and advantages derived by the Defendants as a result of willful copyright infringement, in addition to punitive damages and compensation for the damages sustained in an amount not less than $20,000,000.00;

2. An award to Plaintiff of the profits, gains, and advantages derived by the Defendants

and/or damages in an amount not less than $20,000,000.00 sustained by Plaintiff as a result of the

acts of the Lanham Act, unjust enrichment, and misappropriation recited above;

3.  An award to Plaintiff of damages in an amount not less than $20,000,000.00 sustained by

Plaintiff as a result of Defendants acts of misappropriation and unjust enrichment.

4. That Defendants pay to plaintiff all costs of this action and reasonable attorney's fees to be

allowed to the Plaintiff by the Court;

5. That Plaintiff have such other and further relief as is just and proper.

Respectfully submitted,


/s/ Douglas M. Schmidt
Douglas M. Schmidt (Bar No. 11789)
335 City Park Ave.
New Orleans, LA 70117
Telephone: (504) 482-5711
Email:  boris1s2002@yahoo.com
Withhold Service

/s/ Andrew C. Abrams
Andrew C. Abrams (Bar No. 32280)
935 Gravier St., Ste. 900
New Orleans, LA 70118
Telephone: (504) 799-4200
Email: aca@obryonlaw.com
Withhold Service


**Withhold Service:**

**Peter Anderson**
**Attorney for Defendants Mariah Carey and Sony Corp.**
**865 S Figueroa St,**
**Suite 2500**
**Los Angeles, CA 90015**

**Kenneth D. Freundlich**
**Attorney for Defendants Walter Afanasieff**
**16133 Ventura Blvd. Suite 645**
**Encino, CA 91436**